UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALBERT GRUNEWALD,

                Plaintiff,

      -against-                           **MEMORANDUM AND ORDER**
                                                        20-CV-5048 (RPK) (ARL)

SUFFOLK COUNTY FAMILY COURT ADMIN., SUPPORT MAGISTRATE JOHN ERNEST RAIMONDI, THERESA HARRINGTON, and STATE OF NEW YORK CHILD SUPPORT UNIT

                Defendants.

-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Albert Grunewald brings this action against the Suffolk County Family Court, Support Magistrate John Ernest Raimondi, Theresa Harrington, and the State of New York's Child Support Unit. *See* Am. Compl. (Dkt. #8). Plaintiff's request to proceed *in forma pauperis* is granted. But his amended complaint is dismissed without prejudice because he fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a). Plaintiff's motions for a guardian *ad litem* and for appointment of counsel are denied without prejudice.

## BACKGROUND

      In the facts section of the amended complaint, plaintiff states: "Please see all attached documents to this case. It's very overwhelming to me. Basically there was a illegal adoption of my son paper disappeared and fraud was committed to keep collecting child support the fraud reached over 50 thousand dollars the support magistrate knew about the adoption and hid the fact. There was a total of 6 fraudulent judgments on me 3 there is no record of any or where the money

went. $15,000." *Id.* at 5.  Plaintiff asserts that the basis for federal-court jurisdiction is "criminal + civil rights" and that his rights were violated under the Americans with Disabilities Act.  *Id.* at 2.

## DISCUSSION

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  That goes for *pro se* plaintiffs as well.  "While we construe *pro se* pleadings liberally, 'the basic requirements of Rule 8 apply to self-represented and counsel alike.'"  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint."  *Ibid.*

Here, the amended complaint does not give fair notice of plaintiff's claim and the grounds upon which it rests.  Plaintiff appears to fault a magistrate judge from Suffolk County Family Court for awarding child support payments, *see* Am. Compl. at 5, but it is not clear what the magistrate judge did, how an adoption relates to those payments, or why any of the child support orders were allegedly fraudulent.  Further, it is not clear what law plaintiff believes was violated.  Although plaintiff references the Americans with Disabilities Act, it is not clear what kind of claim he brings under the Act.  *See id.* at 2.  Accordingly, plaintiff's complaint is dismissed without prejudice.  This dismissal does not reflect a determination of the merits of any claim.

In light of this dismissal, plaintiff's motion to appoint a guardian *ad litem* in this action is denied.  *See Berrios v. City of New York*, 564 F.3d 130, 135 (2d Cir. 2009); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).  Plaintiff's motion to appoint counsel is also denied without

prejudice, because I cannot find on the record before me that plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003).

Finally, plaintiff is advised that the Federal Pro Se Legal Assistance Project offers a free service that provides legal counseling. The project is run by the City Bar Justice Center of the New York City Bar Association. Plaintiff may contact the project at (212) 382-4729.

## CONCLUSION

Plaintiff's amended complaint is dismissed without prejudice. Plaintiff may file a second amended complaint within 30 days. The new complaint must be captioned "Second Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file a second amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438 444-45 (1962).

SO ORDERED.

                                                    /s/ Rachel Kovner
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated:        August 27, 2021
                Brooklyn, New York